IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN VANGUARD CORPORATION )<br><br>    Plaintiff,           )<br>                       )<br>v.                         )<br>                       )<br>LISA P. JACKSON, Administrator, United States )<br>Environmental Protection Agency, and the  )<br>UNITED STATES ENVIRONMENTAL    )<br>PROTECTION AGENCY.         )<br>                       )<br>    Defendants.        )<br>                      ) | Case No. 10-cv-01459 |

**ANSWER**

Defendants Lisa P. Jackson, Administrator, United States Environmental Protection Agency, and the United States Environmental Protection Agency (jointly referred to as "EPA"), respond to the allegations in the Complaint as follows:

**INTRODUCTORY STATEMENT OF THE CASE**

The portion of the Complaint captioned "Introductory Statement of the Case" characterizes Plaintiff's claim and presents argument, not allegations of fact, and so no response is required.

1.      Paragraph 1 characterizes the Complaint and so no response is required.

2.      Paragraph 2 contains a conclusion of law, not an allegation of fact, and so no response is required.

3.      Paragraph 3 contains a conclusion of law, not an allegation of fact, and so no response is required.

4.      EPA admits the allegation in Paragraph 4.

5.      EPA admits the allegation in Paragraph 5.

6.      EPA admits the allegation in Paragraph 6.

7.      The allegations in Paragraph 7 characterize a federal statute which speaks for itself and so no response is required.

8.      The allegations in Paragraph 8 characterize a federal regulation which speaks for itself and so no response is required.

9.      The allegations in Paragraph 9 characterize the Complaint and a federal regulation which speak for themselves and so no response is required.

10.     The allegations in Paragraph 10 characterize the Complaint and a federal regulation which speak for themselves and so no response is required.

11.     The allegations in Paragraph 11 characterize a federal regulation which speaks for itself and so no response is required.

12.     The allegations in Paragraph 12 characterize a federal statute which speaks for itself and so no response is required.

13.     Paragraph 13 contains conclusions of law, not allegations of fact, and so no response is required.

14.     The allegations in Paragraph 14 characterize a federal statute which speaks for itself and so no response is required.

15.     The allegations in the first sentences of Paragraph 15 characterize a federal statute which speaks for itself and so no response is required.  The second sentence is not an allegation of fact, but a description of an abbreviation used in the complaint and so no response is required.

16.     The first two sentences of Paragraph 16 contain conclusions of law, not

allegations of fact, and so no response is required.  With respect to the allegation in the third

sentence, EPA admits that, in 1993, AMVAC submitted a letter to EPA that identified as its

subject as "Section 6(a)(2) Submittal for [Impurity X] in AMVAC PCNB."  To the extent that

the third sentence can be construed as asserting that the submission was not required by FIFRA

or EPA's implementing regulations, the sentence contains a conclusion of law, not an allegation

of fact, and so no response is required.  The remainder of that sentence characterizes the report

which speaks for itself and so no response is required.  The allegations in the fourth sentence of

Paragraph 16 characterize federal rules which speak for themselves and so no response is

required.

17.     EPA denies the allegations in Paragraph 17.

18.     The first three sentences of Paragraph 18 contain conclusions of law, not

allegations of fact, and so no response is required.  The allegations in the remaining sentences

characterize a federal statute which speaks for itself and so no response is required.

19.     The allegations in Paragraph 19 characterize a federal statute which speaks for

itself and so no response is required.

20.     The allegations in the first two sentences of Paragraph 20 characterize a federal

statute which speaks for itself and so no response is required.  The third sentence contains

conclusions of law, not allegations of fact, and so no response is required.

21.     The allegations in Paragraph 21 characterize the documents referenced therein

which speak for themselves and so no response is required.

22.     With respect to the allegation in the first sentence, EPA admits that AMVAC

holds a registration that allows for the sale and distribution of "Technical Grade PCNB."  EPA

admits the allegations in the second, third and fourth sentences.  EPA lacks sufficient knowledge

to admits or deny the remaining allegations and so denies the same.

      23.     EPA admits the allegations in Paragraph 23.

      24.     EPA admits the allegations in Paragraph 24.

      25.     EPA admits the allegation in the first sentence of Paragraph 25.  EPA denies the

allegation in the second sentence.

      26.     The allegations in the first sentence of Paragraph 26 are too vague to be admitted

or denied and so EPA denies the same.  With respect to the second sentence, EPA admits that the

peak season for the application of PCNB to golf course turf is October and November, but denies

the allegation that all application is limited to those months.  EPA lacks sufficient knowledge to

admits or deny the allegations in the third sentence and so denies the same.

      27.     With respect to the allegation in Paragraph 27, EPA admits that the 1993

submission showed that AMVAC detected Impurity X in its manufacturing process before that

date. [1]

      28.     EPA admits the allegation in the first sentence of Paragraph 28 that AMVAC

submitted a letter regarding discovery of Impurity X in one batch of its PCNB technical product,

but EPA lacks sufficient knowledge to admits or deny the allegations as to why the letter was

submitted and so denies the same.  EPA admits that the notice was submitted prior to

promulgation of the regulations codified at 40 C.F.R. § 159 *et seq.*, but EPA lacks sufficient

---

[1]     With respect to Footnote 2, Paragraph 27 of the Complaint, the first sentence is a
conclusion of law not an allegation of fact and so no response is required.  The remainder of the
Footnote characterizes AMVAC's legal position and so requires no response.  EPA does not
object to the use of the term "Impurity X" and will use the same term here.

knowledge to admits or deny the allegations as to why the notice was submitted and so denies

the same.  EPA lacks sufficient knowledge to admits or deny the allegations in the third sentence

and so denies the same.

29.     EPA denies the allegation in Paragraph 29.

30.     EPA admits that AMVAC made the submissions referenced in Paragraph 30, but

the allegations regarding the content of those submissions characterize the documents which

speak for themselves and so no response is required.

31.     EPA admits the allegations in the first two sentences of Paragraph 31.  With

respect to the allegations in the third sentence, EPA admits that the notice identifying Impurity X

was filed with the Agency approximately 10 years before EPA approved a revised label in 2004,

but denies that the submission was considered by the Agency in making its decision regarding

the revised label.

32.     With respect to the allegations in the first sentence of Paragraph 32, EPA admits

that AMVAC submitted to EPA a Confidential Statement of Formula ("CSF") dated January 10,

2005, but EPA lacks sufficient knowledge to admit or deny the allegations as to when the

document was prepared and so denies the same.  With respect to the allegation in the second

sentence, EPA admits that AMVAC submitted an amendment to the CSF.  The allegation in the

third sentence characterizes the document referenced therein which speaks for itself and so no

response is required.  EPA admits the allegation in the fourth sentence that the Agency sent

AMVAC a letter dated April 21, 2005.  The remaining allegations in this sentence characterize

the content of the letter which speaks for itself and so no response is required.  With respect to

the allegation in the fifth sentence, EPA denies that the reviewer of the CSF in 2005 was aware

of the presence of Impurity X.

33.     EPA denies the allegation in the first and second sentences of Paragraph 33.  With respect to the third sentence, EPA admits only that AMVAC sent some Technical Grade PCNB to Test America in January 2010 and that EPA received copies of certain analytical results produced by that company in March 2010.

34.     With respect to the allegations in the first sentence of Paragraph 34, EPA denies that a teleconference occurred in April 2010, but admits there was a teleconference in March 2010.  Because the EPA representatives do not recall any discussion of AMVAC's letter dated July 2, 1993 during that March teleconference, EPA denies the allegation in the second sentence. With respect to the allegation in the third sentence, because EPA representative Jill Bloom does not recall any discussion of AMVAC's letter dated July 2, 1993, EPA denies the allegation that it was discussed, but EPA admits that Ms. Bloom was aware of the letter at the time of the teleconference.  With respect to the allegations in the fourth sentence, EPA admits that AMVAC answered questions posed by EPA.  EPA admits the allegation in the fifth sentence.

35.     EPA admits the allegations in the first sentence of Paragraph 35 to the extent that the allegations describe the March conference call.  EPA denies the allegation in the second sentence regarding the need for AMVAC to amend the CSF, but admits the remaining allegations in this sentence.

36.     EPA admits the allegations in the first sentence of Paragraph 36 to the extent that the allegations describe the March conference call.  The allegation regarding the appearance of EPA officials is too vague to admit or deny and so EPA denies the same.

37.     EPA lacks sufficient knowledge to admit or deny the allegations in the first

sentence of Paragraph 37 as to the cost and the time expended on sampling and so denies the same.  EPA admits the remaining allegations in this sentence.  EPA admits the allegations in the second, third, and fourth sentences.  The allegation in the fifth sentence regarding the appearance of EPA officials is too vague to admit or deny and so EPA denies the same.

38.     EPA admits the allegation in the first sentence of Paragraph 38.  EPA denies the allegation in the second sentence that it never stated that it wanted an amendment to Technical Grade PCNB's CSF.  EPA admits the remaining allegations in the second sentence.  With respect to the third sentence, EPA admits that it did not state at the June 3, 2010, meeting that Impurity X, as applicable to Technical Grade PCNB, was toxicologically significant.

39.     EPA denies the allegations in Paragraph 39.

40.     EPA admits the allegations in Paragraph 40 that it issued the Order referenced therein, but denies the allegation that there was no notice regarding the violation of FIFRA.

41.     EPA denies the allegation that the Order was the first time that Impurity X was identified as a substance known to be of toxicological significance.  The remaining allegations in Paragraph 41 characterize the Order and federal regulations which speak for themselves and so no response is required.

42.     The allegations in Paragraph 42 characterize the Order which speaks for itself and so no response is required.

43.     The allegations in Paragraph 43 characterize the Order which speaks for itself and so no response is required.

44.     The allegations in Paragraph 44 characterize the Order which speaks for itself and so no response is required.

45.     With respect to the allegations in Paragraph 45, EPA admits that it posted a routine notice of the Order on EPA's website, and that all states have access to that information. EPA lacks knowledge sufficient to admit or deny the remaining allegations in this Paragraph and so denies the same.

46.     EPA admits that it posted a routine notice of the Order on the Agency's web site, which is accessible by the public.

47.     EPA denies the allegation in Paragraph 47.

48.     EPA denies the allegation in Paragraph 48.

49.     EPA denies the allegation in Paragraph 49.

50.     EPA admits the allegation in Paragraph 50 that it was contacted by AMVAC after the Order was issued, but denies that the Agency needed to produce any additional information regarding its conclusion that Impurity X is of toxicological significance.

51.     With respect to the allegations in Paragraph 51, EPA admits that, based on AMVAC's 1993 Letter, EPA had notice that one sample of PCNB contained Impurity X.  EPA admits the remaining allegations in this Paragraph.

52.     EPA admits that, in 2010, it was aware of the information regarding Impurity X in AMVAC's 1993 letter.  Because EPA representative Jill Bloom does not recall any discussion of AMVAC's 1993 letter in 2010, EPA denies the allegation in Paragraph 52 that it was "reminded" of the contents in January, April, and June of 2010.

53.     EPA denies the allegation in Paragraph 53.

54.     EPA denies the allegations in the first sentence of Paragraph 54.  EPA lacks knowledge sufficient to admit or deny the allegation in the second sentence and so denies the

same.

55. Paragraph 55 contains a conclusion of law, not an allegation of fact, and so no response is required.  To the extent that a response is required, EPA denies the allegations.

56. Paragraphs 1-55 above are incorporated by reference.

57. Paragraph 57 contains a conclusion of law, not an allegation of fact, and so no response is required.

58. Paragraph 58  contains a conclusion of law, not an allegation of fact, and so no response is required.  To the extent that a response is required, EPA denies the allegation that the Order revoked any license.

59. Paragraph 59  contains a conclusion of law, not an allegation of fact, and so no response is required.

60. Paragraph 60  contains a conclusion of law, not an allegation of fact, and so no response is required.

61. Paragraphs 1-60 above are incorporated by reference.

62. Paragraph 62 contains a conclusion of law, not an allegation of fact, and so no response is required.

63. The allegations in Paragraph 63 characterize a federal statute which speaks for itself and so no response is required.

64. Paragraph 64  contains a conclusion of law, not an allegation of fact, and so no response is required.  To the extent that a response is required, EPA denies the allegation that AMVAC's PCNB products were not in violation of FIFRA.

65. EPA denies the allegation in Paragraph 65.

66.     Paragraph 66 contains a conclusion of law, not an allegation of fact, and so no response is required.

67.     Paragraphs 1-66 above are incorporated by reference.

68.     Paragraph 68  characterizes the Complaint and contains a conclusion of law, not an allegation of fact, and so no response is required.

69.     Paragraph 69 characterizes the Complaint and so no response is required.

70.     Paragraph 70  contains a conclusion of law, not an allegation of fact, and so no response is required.

71.     EPA denies the allegation in Paragraph 71.

72.     Paragraphs 1-71 above are incorporated by reference.  The second sentence of Paragraph 72 characterizes the Complaint and so no response is required.

73.     Paragraph 73  contains a conclusion of law, not an allegation of fact, and so no response is required.

74.     Paragraph 74 characterizes the Complaint and so no response is required.

75.     Paragraph 75 contains a conclusion of law, not an allegation of fact, and so no response is required.

76.     With respect to the allegations in Paragraph 76, EPA admits that the Order prevents AMVAC from selling or distributing PCNB Products affected by the Order.

77.     EPA denies the allegation in Paragraph 77.

78.     Paragraphs 1-77 above are incorporated by reference.

79.     Paragraph 79  contains a conclusion of law, not an allegation of fact, and so no response is required.

80.     Paragraph 80 contains a conclusion of law, not an allegation of fact, and so no response is required.

81.     Paragraph 81 characterizes the Complaint and so no response is required.

82.     All allegations not expressly admitted are denied.

WHEREFORE, EPA requests that the Complaint be dismissed and all relief denied.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

/s/ EILEEN T. MCDONOUGH
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-3126
eileen.mcdonough@usdoj.gov

OF COUNSEL:

Michele Knorr
Angela Huskey
Andrea Medici
Office of General Counsel
United States Environmental Protection Agency

October 26, 2010